Rawlinson, Circuit Judge, dissenting: There are an infinite number of ways earrings can be configured to capture a particular image. Otherwise, no woman would be motivated to own more than a few pair of earrings. But we know that is not the case. See Women’s Earrings, Amazon.com, https://www.amazon.com/ Womens-Earrings/b?ie=UTF8 & node=7454917011 (last visited December 13, 2017) (offering 185,584 earring selections). I seriously disagree with my colleagues in the majority that there were only a limited number of ways to depict the Buddha’s Kiss earrings at issue in this case. At trial, evidence was presented through diagrams, expert testimony and actual pieces of both designs. After seeing this evidence, a jury determined that Brighton Collectibles had infringed on the copyrighted Buddha’s Kiss design. The district court denied Brighton’s renewed motion for judgment as a matter of law. The majority reversed the district court’s ruling on the basis that, because there is only a limited number of ways to depict the Buddha’s Kiss design, the court should have instructed the jury to find that the two designs were virtually identical rather than substantially similar. I disagree. Indeed, the majority’s conclusion is directly contrary to the testimony of the designer. She testified that “the minute [she] looked at the [Buddha’s Kiss shape] [she] thought [she] could manipulate this shape thousands of different ways.” She explained that “[t]here are so many different things I could do with this [Buddha’s Kiss shape] — big, small, multiple, three, ten, whatever.” She also explained that the bracket portion of the earring “can be all different shapes” and “have all sorts of dimensions.” The majority’s conclusion that there is only a limited number of ways to depict the Buddha’s Kiss design completely ignores this testimony and the reality of earring design. The majority accuses me of ignoring the relevant question, but the majority ignores the relevant answer from the designer: that the Buddha’s Kiss shape could be manipulated “thousands of different ways.” We addressed a similar situation in L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841 (9th Cir. 2012). L.A. Printex involved a floral fabric print design. See id. at 850. Even though the floral pattern itself was not protectible, the “original selection, coordination, and arrangement” of the floral pattern was protectible. Id. The same is true for the Buddha’s Kiss earrings. As the designer testified, her “selection, coordination and arrangement” of the design elements was original and protecti-ble. Id. I respectfully dissent.